## WILLIAM GRAY vs. SARAH HENBY.

By the statute of this State, (How & Hutch. 559, § 39,) a judgment creditor may garnishee the judgment debtor of his debtor.

It is no objection to the writ of garnishment, that the judgment debtor may be subjected to two executions for the same cause: he has his remedy.

THIS cause is brought by appeal from the chancery side of the circuit court of Warren county.

The argument of Messrs. Smedes and Marshall sufficiently states the facts of the case.

*Smedes* and *Marshall*, for appellant.

The facts in the case are briefly these: On the 5th day of May, 1841, the appellee recovered judgment *vs.* the appellant in the circuit court of Warren county, for fifty-three dollars eighteen and a half cents. Afterwards, a writ of garnishment at the suit of one Erwin for the use of Conn, issued from the office of a justice of the peace of the same county against the appellant as a debtor of the appellee, on which writ of garnishment, a judgment by default was obtained in the magistrate's court against the appellant, for forty-seven dollars and fifty cents, whereupon the appellant filed his bill in the circuit court of Warren county, to enjoin the collection of the judgment of the appellee in that court, *quoad hoc,* the sum paid the garnisheeing creditor; the appellant having actually paid that sum under execution from the justice's court. To this bill the appellee filed a general demurrer, which the court below sustained and dismissed the bill; to reverse which decision dismissing the bill of the appellant, the appeal to this court was taken.

The amount involved in this suit is small, but the principle at issue is important, as its decision will regulate the practice in the inferior courts; and that must be our excuse for bestowing any investigation upon so trivial a case.

The main point which we shall present for the consideration of the court, and upon which it is understood the circuit judge based his opinion in dismissing the bill, is the question whether or no the defendant in a judgment can be garnished by a judgment creditor of the plaintiff in the first judgment. Before however entering upon the discussion of this question, we will dispose of several preliminary and somewhat technical objections taken to the bill of the appellant. And

1. It will be contended on the part of the appellee, that the allegations in the bill are so vague and loose, that even had the court below been of opinion that upon the actual facts of the case, the appellant would have been entitled to relief in that court, yet his bill did not present such a case as the court could decree relief upon.

We will not deny that the bill is inartificially, even badly drawn. Had we been retained originally in the inferior court, this objection would not have existed. We still think, however, that sufficient is presented by the bill to show what relief was desired, and to uphold any decree granting that relief, which is sufficient for our present purpose. Story's Eq. Plea. 212, 403.

The bill avers that a judgment specifying its date and amount had been rendered in the circuit court of the county against the complainant; this allegation is precise and definite. It is then averred, that a writ of garnishment issued from a justice's court against the complainant in the bill, as a debtor of the defendant. And it is in this part of the bill that the defect is supposed to exist. The amount of the sum paid the garnisheeing creditor, is stated, and the date of the writ of garnishment, though not formally set out, nor the term of the court from which it issued or to which it was returnable particularly detailed, yet it sufficiently appears from the agreement signed by the counsel of both parties in the court below and made part of the record, that the "judgment against him as garnishee, was obtained after the judgment against him in the Warren circuit court." If, therefore, this judgment was properly rendered, the execution issuing upon it ought to have been as it was, paid. But

2. It is said that the bill does not aver that there was a judgment in the magistrate court, vs. the appellee to uphold the writ of garnishment. That is true. Nor was such an averment necessary. By law such a writ could only issue upon a judgment, and the magistrate being a sworn officer is supposed faithfully to discharge his duty. *Lindner* v. *Aaron*, 5 How. 58. He issued the writ of garnishment and the presumption would be that there was a judgment to predicate it upon. Independent, however, of that consideration, the averment is sufficient, for the writ of garnishment, coming from the proper office and in the proper hands, may have been issued against the appellant as the debtor of the appellee attached as the absconding debtor under the law, Rev. Code, page 160. In either aspect of the case, the averment would be sufficient.

3. It will be said this judgment, under the writ of garnishment, was by default, and therefore without notice to the appellee. No notice was necessary. The writ of garnishment was portion of a judicial proceeding to which the appellee was a party, and of course bound to be cognizant of all the steps taken in the case. Had the appellant defended the writ of garnishment, his answer must have been that he owed the appellee more than the amount of the debt he was garnisheed to pay; which would have in effect amounted to the same thing as the course he pursued in suffering a judgment by default.

We come now to the only question we care about investigating. Whether a judgment debtor can be garnished under our statute by a judgment creditor?

It is a question about which we have no doubt. The statute is so express upon the subject, that but for the uniform decisions of the circuit judge, denying the right to attach or garnishee a judgment debt, we should not think of making an argument upon it in this court. In fact the strongest argument we can make is to quote the language of the statutes, which we proceed to do. Upon the subject of absconding debtors, in Rev. Code, 160, it is provided that an attachment, under certain circumstances, shall issue and be levied, &c. "in the hands of any person indebted to or having any effects of the debtor, and to sum-

mon such person as a garnishee to appear at the court to which the attachment is returnable, there to answer upon oath or affirmation what he or she is indebted to the defendant in the attachment," &c. So also Rev. Code, 164, upon the subject of entering judgment and awarding execution against the garnishee. The statute says, the court shall "enter up judgment and award execution against every such garnishee for all sums of money due from him, her, or them, to the defendant in the attachment."

Nor is the language with reference to judgment creditors suing out writs of garnishment, less emphatic. The statute may be found—Laws of Mississippi, 125, and its wording as follows: The garnishee shall "say on oath whether he she ro they are indebted to the said defendant or defendants, and in what sum," &c.

The whole question then is resolved into this : Is a judgment a debt? For if it be it is embraced by the statute. It is not only a debt, but the very highest grade of debt. It is a debt of record. 2 Will. Ex. 657. Toller, 264. It would be folly to quote other authority or to attempt to prove by further argument, that a judgment is a debt, and that a judgment debtor, as the very phrase implies, is indebted of necessity to his judgment creditor.

Is there then anything in the nature of a judgment which *ex necessitate rei,* precludes its being in law and in fact embraced in the language of the statute, though in words unquestionably so included? we know nothing.

It is true several decisions have been made in various States of the Union that a judgment debt could not be attached, but it will be found, upon examination, that the court in each case based its opinion upon the particular statute under which the proceeding issued, and that none of them embrace the case at bar. As it is believed that these decisions were the occasion of the opinion of the judge below, dismissing the bill, we will briefly examine some of them.

In *Sharp* et al. *v. Clarke* et al., 2 Mass. Rep. 91, such a decision is to be found, in which the court determine that a judgment is neither "goods, effects, or credits," and therefore not attachable

as such.   It is not pretended by us that it is either; we say merely that it is a debt.   The word "debt" was not included in the Massachusetts statute, and of course the reasoning of the court in that case can have no application to this, because the court expressly terms the defendant in the judgment a debtor, and states that there might be cases in which a judgment debt could be attached.

*Prescott* v. *Parker*, 4 Mass. 170, is a case arising under the same statute, but while it determines that a judgment debtor cannot be attached as a trustee for his judgment creditor, it impliedly decides that it is an objection he only can take advantage of, and that he may, if he chooses, disclose the judgment as effects' of his judgment creditor, which runs *pari passu* with the case at bar.

The cases in Massachusetts are, so far as we have examined them, all to the same effect.   *Locke* v. *Tippett* and *Trustees*, 7 Mass. 152, is more like the present case than the one above cited, and even upon the Massachusetts statute the court upheld the attachment of a judgment debt and made the judgment debtor, who paid it after attachment, repay it to the attaching creditor.

The Maine statute is precisely similar to the Massachusetts on this subject.   The case of *Rundlet* v. *Jordan* et al. 3 Green. 49, therefore, while it determines that a judgment cannot be attached because it is not "a credit," does not affect what we contend for ; in fact, the court expressly calls it a debt, and says that under their statute, a note which is but a debt cannot be attached either.   But it will not be pretended that a note cannot be attached here; and with as little reason can it be determined that a judgment cannot.

*E. G. Walker*, for appellee.

The counsel for appellant assign as error in this cause, the refusal to allow as an offset, the amount paid by appellant as garnishee, which is the only assignment of error which I deem it material to notice ; for if it were a legal payment, it would undoubtedly be such a payment, or satisfaction, as the appellant

would be entitled to a credit for.   But is it so?   It certainly is not, or at least it is not shown to be so: the charges in the appellant's bill are so general that it would have been utterly impossible for the court to have ascertained at what time, or under what circumstances, the payment charged in appellant's bill was made.   It is admitted by appellant, that the judgment obtained upon the garnishee process, was obtained after the judgment in the circuit court, and that it was obtained by default.   Now, according to the decision of this court, reported in 1 How. Rep. in the case of *Oldham* v. *Ledbetter*, page 43, the court say that " the garnishee is regarded by the law, somewhat in the light of a trustee, and, as such, is bound to protect, by legal and appropriate steps, the rights of all the parties to the goods or credits attached in his hands."   Then has the appellant done so.   He has not.   Because he permitted a judgment by default to be taken against him.   It is not shown by the appellant's bill, that the proceedings under the garnishee process, were in accordance with the requirements of the statute.   See How. & Hutch. Dig. of the laws, p. 557, § 39; by reference to it, it will be observed that the plaintiff or plaintiffs in judgment, or his or their agent, or attorney, are the only persons who can suggest such proceedings.   It then becomes necessary to the validity of such proceedings, that the steps required to be taken by the statute, should have been taken by the persons mentioned thereon, and by none other than those authorized by the statute above referred to.   The reasons for this particularity will be apparent, when we consider that unless the proceedings under the garnishment were in strict accordance with the statute, a payment by the appellant would not be a bar to the recovery or collection by the appellee; a party seeking relief in equity, must disclose all the facts connected with the subject matter in which he seeks relief; this is not done in the appellant's bill.   It is not stated in appellant's bill, that a judgment had been obtained by the appellee in the circuit court, before the issuing of the garnishee summons, but that fact was admitted by the counsel for appellant, as appears from the records.   Then if that be true, the law has said that a judgment debtor cannot

be proceeded against by attachment or garnishment, but that he may be compelled to answer the summons, and that if he answer that a judgment has already been had against him, he must be discharged.    See Cushing on Trustee Process, p. 77, § 189, also the case of *Prescott* v. *Parker*, 4 Mass. Rep. 170.  *Franklin* v. *Ward*, *Goodale*, et al. 3 Mason's Rep. 136.

The trustee process under the statutes of Massachusetts, is one very similar to our garnishee process.

Mr. Justice CLAYTON delivered the opinion of the court.

The single point submitted for consideration in this cause, is whether a judgment debt is the subject of garnishment, by a creditor of the party, who has obtained the judgment? In other words can a judgment creditor issue a garnishment against the judgment debtor of his debtor ? The question depends upon the construction of the statute.

The words of the act are general and sufficiently comprehensive to embrace every species of debt.    There is no limitation on the right of the creditor, growing out of the character or nature of the debt, to proceed against it, whatever may be the form it has assumed.    H. & H. 557, § 39.

In practice the exercise of the right to issue a garnishment against a judgment debtor, may create some embarrassment, from the circumstance that such debtor might be subjected to two executions for the same cause.    This however may always be remedied by a proper proceeding, and the inconvenience which might arise from it, is not such as to induce us, even if we had the power, to restrict the words of the statute.    The right to issue a garnishment, is expressly extended to justices of the peace.    H. & H. 434, § 38.

The decree of the court below, dismissing the bill of the complainant, must therefore be reversed, and the injunction made perpetual, as to the amount paid by Gray under the garnishment, but dissolved as to the residue.